# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORVETTE ROBINSON, | NO. 12-CV-1848-MMA(WVG) |
| Petitioner, | ORDER: |
| | ORDER ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE; |
| v. | [Doc. No. 11] |
| | OVERRULING PETITIONER'S OBJECTIONS; |
| | [Doc. No. 12] |
| DANIEL PARAMO, | DENYING PETITION FOR WRIT OF HABEAS CORPUS; |
| Respondent. | [Doc. No. 1] |
| | DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY |

### PETITION FOR WRIT OF HABEAS CORPUS

On July 26, 2012, Petitioner Corvette Robinson, a state prisoner proceeding *pro se*, filed a petition for writ of habeas corpus pursuant to Title 28 of the United States Code, section 2254. Petitioner does not challenge his underlying conviction or sentence of seventeen years for transportation of a controlled substance and possession of a controlled substance. Rather, Petitioner challenges the California

1  Department of Corrections and Rehabilitation's ("CDCR") September 14, 2011
2  decision finding him guilty of violating prison rules by possessing a controlled
3  substance.  Specifically, Petitioner contends that he was deprived of good-time
4  credits in violation of the Fourteenth Amendment Due Process Clause and the "some
5  evidence" rule, because there was insufficient evidence for the rules violation.
6  Petitioner asserts that 130 days of lost credit should be restored.  Respondent filed an
7  answer to the petition, and Petitioner filed a traverse.

8  　　　The matter was referred to United States Magistrate William V. Gallo for
9  preparation of a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1), and
10 Civil Local Rule HC.2.  Judge Gallo issued a well-reasoned and thorough Report
11 recommending that the petition be denied.  *See* Doc. No. 11.  Petitioner timely filed
12 objections.  *See* Doc. No. 12.  Respondent did not file an objection to the Report, but
13 filed a response to Petitioner's objections.  *See* Doc. No. 13.

14 　　　In reviewing a magistrate judge's report and recommendation, the Court
15 "shall make a de novo determination of those portions of the report . . . to which
16 objection is made," and "may accept, reject, or modify, in whole or in part, the
17 findings or recommendations made by the magistrate judge."  *See* 28 U.S.C.
18 § 636(b)(1).

19 　　　The Court has conducted a *de novo* review of the pertinent portions of the
20 record with respect to each of Petitioner's objections.  Petitioner's objections do not
21 present new argument and repeat the arguments found in the Petition.  Specifically,
22 he repeats the charge that "some" evidence of a controlled substance did not exist to
23 support the rules violation finding.  However, Judge Gallo accurately discussed the
24 suspected controlled substance found and the procedures the CDCR used to identify
25 the substance for disciplinary purposes.  The CDCR pharmacist's identification of
26 the substance as Lyrica, a Schedule V drug, satisfied California Code of
27 Regulations, Title 15, section 3290(h)'s required identification procedure before a
28

substance may be used in a disciplinary proceeding. Petitioner possessed 14 Lyrica pills and admitted that he sometimes kept the pills for later use when prison nurses failed to check whether he had taken the pills on the spot as required by prison rules. These facts satisfy the "some evidence" requirement for his conviction and subsequent denial of good time credits. Petitioner's arguments to the contrary are meritless.

Next, Petitioner's assertion that denial of 130 days of good-time credits was excessive is unpersuasive. As Judge Gallo notes, 130 days is within the narrow range allowed by California Code of Regulations, Title 15, section 3323.

In sum, the Court finds that Judge Gallo identified the correct legal standards, applied each standard correctly, considered relevant case law, and reached sound conclusions that this Court has no reason to reject. The Court **OVERRULES** Petitioner's objections and **ADOPTS** the Report and Recommendation in its entirety. Accordingly, the Court **DENIES** the Petition, and a writ of habeas corpus shall not issue in this case.

### CERTIFICATE OF APPEALABILITY

In order to proceed with an appeal, Petitioner must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski*, 435 F.3d 946, 950-51 (9th Cir. 2006). Pursuant to the December 1, 2009 amendment to Rule 11 of the Rules Governing Section 2254 and 2255 Cases, district courts are required to rule on the certificate of appealability in the order disposing of a proceeding adversely to the petitioner or movant, rather than waiting for a notice of appeal and request for certificate of appealability to be filed. Rule 11(a). Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). For the reasons set forth in the Report and Recommendation and adopted herein, Petitioner has not made a

substantial showing of the denial of a constitutional right.  Accordingly, the Court **DECLINES** to issue a certificate of appealability in this action.

**IT IS SO ORDERED.**

DATED:  April 3, 2013

Hon. Michael M. Anello
United States District Judge